KORMAN and Hogg, Plaintiff-Appellees,

v.

SHULL and Kita, Defendant-Appellees,

v.

NOBILE, Defendant-Appellant.

DJERASSI and Rosenkranz, Plaintiff-Appellees,

v.

KORMAN and Hogg, Defendant-Appellees,

v.

SHULL and Kita, Defendant-Appellees,

v.

WILSON, Defendant-Appellee,

v.

NOBILE, Defendant-Appellant.

No. 15024.

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1962.

William D. Denson, Mogran, Finnegan, Durham & Pine, New York City, on the brief for appellant; Hobart N. Durham, John C. Vassil, Joseph Hirschman, New York City, Murray B. DeGroot, Baker &. DeGroot, Grand Rapids, Mich., of counsel.

Joseph K. Andonian, Kalamazoo, Mich., on the brief for appellees; Eugene O. Retter, Kalamazoo, Mich., Charles M. Thomas, Washington, D. C., of counsel.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.

ORDER.

This cause came on to be heard upon appellee's motion to dismiss the appeal herein for lack of jurisdiction, having been submitted on the record and briefs of counsel;

AND IT APPEARING that the order appealed from herein is the order of the District Court for the Western District of Michigan, Southern Division, denying appellant's "Motion for Relief", which was based on Title 35, U.S.C.A. § 24, seeking to compel the testimony of certain witnesses and to compel the production of certain documents in connection with interference proceedings pending in the United States Patent Office;

AND IT APPEARING that the "Motion for Relief" herein is strictly ancillary to the interference proceedings aforesaid, Title 35 U.S.C.A. § 24;

AND IT FURTHER APPEARING that an order of the District Court granting or denying such motion is not final, but interlocutory and not appealable, Title 28 U.S.C.A. § 1291, In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948; Tucker v. Peiler, 2 Cir., 297 F. 570; Robinson v. Bankers Life & Casualty Company, 226 F.2d 834 (C.A. 6), 1955 and cases therein cited;

IT IS THEREFORE ORDERED AND ADJUDGED that the motion to dismiss the appeal be granted and that the same be hereby dismissed for lack of jurisdiction.