**Tibor HORVATH, Plaintiff-Appellant,**

**v.**

**Emerico LETAY, also known as Imre Letay, Defendant,**

**The Chase Manhattan Bank, Non-Party Appellee.**

No. 334, Docket 29348.

United States Court of Appeals Second Circuit.

Argued Feb. 17, 1965.

Decided March 26, 1965.

Irving Rader, New York City, for appellant.

C. Richard Stafford, New York City (Milbank, Tweed, Hadley & McCloy, Roy C. Haberkern, Jr., A. Sidney Holderness, Jr., New York City, of counsel), for appellee.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

We dismiss this appeal brought under 28 U.S.C. § 1291 (1958)[1] because the orders appealed from are not "final decisions."

Appellant, a citizen of New York, brought suit for $665,000 in the district court against defendant Letay, a citizen of Chile. For the purpose of getting jurisdiction over Letay, appellant obtained an order of attachment. Fed.R. Civ.P. 4(e). Under this order $23,482.04 belonging or owing to Letay was levied on. Thereafter Letay filed a notice of appearance. Of course after Letay's appearance the attachment of defendant's funds was no longer necessary in order to establish quasi-in-rem jurisdiction over the defendant.

The order of attachment was served upon the appellee bank in accordance with the requirements of the New York statutes.[2] The bank served a garnishee's statement as required under Section 6219 of the New York Civil Practice Law and Rules. The statement reported that "subject to correction for errors or omissions, * * * at the time of service [of the order of attachment] * * * it [the bank] held no property of, nor was it in any manner indebted to the defendant * * *"

Thereupon the plaintiff applied to the district court for an order permitting an examination of the bank under Section 6220 which provides:

> "Disclosure
>
> "Upon motion of any interested person, at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant."

The plaintiff appended an affidavit to his application stating that he had reason to believe that the defendant had had accounts under his own and other names with the bank for many years. Although the bank answered several specific inquiries as to details of these and other accounts, it opposed the order for examination. The district court denied plaintiff's application and, on motion for reargument, denied that motion. It is from these orders that plaintiff appeals.

We do not reach the merits of the appeal since we hold that the denial of a motion to compel the examination of a non-party in aid of a prejudgment attachment, where there is no jurisdictional purpose to be served, is not a "final

---

1. "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * * except where a direct review may be had in the Supreme Court."

2. N.Y. CPLR §§ 6201–6226.

decision" under 28 U.S.C. § 1291 (1958) and is therefore not appealable. See Cimijotti v. Paulsen, 323 F.2d 716 (8th Cir. 1963); In the Matter of Grand Jury Investigation, 318 F.2d 533 (2d Cir.), cert. dismissed, 375 U.S. 802, 84 S.Ct. 25, 11 L.Ed.2d 37 (1963); Korman v. Shull, 310 F.2d 373 (6th Cir. 1962); Hoffa v. United States, 309 F.2d 680 (5th Cir.), cert. denied, 371 U.S. 878, 83 S.Ct. 147, 9 L.Ed.2d 115 (1962); 2A Barron & Holtzoff, Federal Practice and Procedure § 657 (Wright rev. ed. 1961); 4 Moore, Federal Practice ¶ 26.37 [1.—1] (2d ed. 1963).

The denial of the right to examine the bank did not terminate the controversy. Were this a case where attachment was the only means of obtaining jurisdiction over an absent defendant, the denial of an order of examination in aid of attachment might effectually terminate the lawsuit. Here, however, not only has the attachment been levied on property of the defendant, but the defendant has appeared in the action, giving the plaintiff personal jurisdiction over him. An appeal at this juncture would determine only the extent to which plaintiff can seek information possibly leading to the attachment of additional property out of which to collect his judgment, should he get a judgment in his favor. Moreover, the plaintiff is not forever precluded from examining the bank. If he recovers judgment for an amount in excess of $23,482 - 04, he will be able to examine the bank in post-judgment disclosure proceedings. CPLR § 5223. If the bank should in the meantime release any funds subject to the attachment, the bank would be liable to the plaintiff. The lien of the attachment is preserved after final judgment for the plaintiff until it is "fully satisfied." CPLR § 6224. Thus the orders from which plaintiff attempts to appeal are not only not final orders under Section 1291, but they clearly do not come within the exception for "collateral or-

ders" since no rights will be irreparably lost. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), illustrates the strictness with which the final judgment rule is applied. There a witness sought to appeal from the denial of his motion to quash a subpoena *duces tecum* in a grand jury proceeding. The Court held that the order was not appealable leaving the witness to the risk of appealing an order for contempt should he refuse compliance. Here the plaintiff suffers no appreciable risk by reason of the denial of the right to take an interlocutory appeal.

The present case is distinguishable from Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). There the libelants had filed a libel against two corporations who could not be found within the jurisdiction, and attached a ship allegedly transferred by one corporation to the other in fraud of libelants' rights. The granting of respondents' motion to vacate the attachment was held appealable because, as Mr. Justice Frankfurter said, "appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible." Id. at 689, 70 S.Ct. at 865. Unlike the appeal in Swift, the appeal now before us does not "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225 (1949).

Appeal dismissed.