**Frederick C. OCHSNER and Edwin A. Miller, Appellants,**

v.

**Walter R. MILLIS, Appellee.**

**No. 17526.**

United States Court of Appeals
Sixth Circuit.

Sept. 15, 1967.

---

4. Compare United States v. Monaco & Son, D.Md.1963, 222 F.Supp. 175, rev'd on other grounds, 4 Cir. 1964, 336 F.2d 636.

Ellsworth H. Mosher, Washington, D. C., Stevens, Davis, Miller & Mosher, Washington, D. C., Wilson & Wilson, Owensboro, Ky., on brief; S. M. Mims, Jr., Dallas, Tex., George S. Wilson, III, Owensboro, Ky., of counsel, for appellants.

Nathan J. Cornfeld, Henry T. Olsen, Owensboro, Ky., for appellee.

Before EDWARDS and McCREE, Circuit Judges, and WEINMAN,* District Judge.

WEINMAN, District Judge.

Frederick C. Ochsner and Edwin A. Miller are the junior parties in an interference proceeding now pending in the patent office; Walter R. Millis is the senior party. In that proceeding, where the ultimate question to be determined by the board of patent interferences is "priority of invention" [35 U.S.C.A. § 135 (a)], it is the contention of the junior parties that the senior party first learned of the specific subject matter of the interference from the junior parties and later encompassed the development in an application for patent although it was not specifically claimed in the application until over five years after the original filing. For use in that interference proceeding, the junior parties have taken the deposition of the senior party. During the taking of that deposition the senior party, upon advice of counsel, refused to answer certain questions propounded to him whereupon the junior parties filed a motion in the District Court to compel the testimony. The District Court denied the motion. This appeal is from the order of the District Court denying that motion.[1]

---

* The Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. The senior party filed a motion to dismiss the appeal on the ground that the order of the District Court was not appealable. By order dated January 18, 1967, the Court referred the motion to dismiss to the panel of the Court which would hear the appeal.

The first issue which this Court must determine pertains to the appealability of the order of the District Court; if the order is found to be appealable, we must then consider the propriety ·of the District Court's order.

*As to the appealability of the order of the District Court.* In support of his argument that the order of the District Court is not appealable, the senior party relies basically on the case of Korman v. Shull, 310 F.2d 373 (6 Cir. 1962), wherein this Court held that an order denying a motion seeking to compel testimony of certain witnesses and production of certain documents in connection with a patent office interference proceeding was interlocutory and not appealable. This Court described the motion as being "strictly ancillary to the interference proceedings" and "not final, but interlocutory and not appealable". Because a number of appellate courts apparently do not follow the rule which we announced in Korman v. Shull, supra, we believe we must reconsider the law as stated therein.

■ We commence with the proposition that appellate courts have jurisdiction of appeals from all *final* decisions of the district courts. 28 U.S.C. § 1291.

With respect to the requirement of finality of a district court's decision before it is appealable, the United States Supreme Court has stated, in Cobbledick v. United States, 309 U.S. 323, at pages 324–326, 60 S.Ct. 540, at page 541, 84 L.Ed. 783 (1940):

"Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration.

Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. * * *

"In thus denying to the appellate courts the power to review rulings at *nisi prius,* generally, until after the entire controversy has been concluded, Congress has sought to achieve the effective conduct of litigation. For purposes of appellate procedure, finality— the idea underlying 'final judgments and decrees' in the Judiciary Act of 1789 and now expressed by 'final decisions' in § 128 [now § 1291] of the Judicial Code—is not a technical concept of temporal or physical termination. It is the means for achieving a healthy legal system. .* * * *"
[Footnotes omitted].

However, the Supreme Court continued and warned at page 329, 60 S.Ct. at page 543:

" * * * Due regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes."
[Footnote omitted].

Following the Supreme Court's teaching in *Cobbledick,* the Court of Appeals for the Seventh Circuit, in Carter Products, Inc. v. Eversharp, Inc., 360 F.2d 868 (7 Cir. 1966), held that an order of the District Court denying a motion to compel a Chicago resident, who was not a party to a patent infringement suit pending in a California Federal District Court, to answer questions on deposition and to produce documents sought by subpoena duces tecum for use in defense of the infringement suit was a "final decision" for all practical purposes and allowed the appeal. The Court noted that the appeal before it represented the only opportunity of obtaining discovery from

the Chicago resident. The Court stated at pages 871–872:

"Our holding that the order involved is a 'final decision' is based on the fact that it is 'final' for all practical purposes. To hold otherwise would be to disregard the Supreme Court's warning in Cobbledick * * *: 'Due regard for efficiency in litigation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes.' We think that the order before us does 'settle' something as to appellants * * * and that the effect of our holding does not infringe upon the general principle against fragmentary appeals that would impede the progress of the main litigation.

"We agree with the First Circuit in Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961), that '[w]hat is critical is whether the party unsuccessfully seeking the subpoena has any other means of obtaining review.' We conclude that we should extricate appellants from the cul-de-sac in which the district court's order leaves them. Insofar as the holding herein is inconsistent with Palmer, [Referring to Palmer v. Fisher, 228 F. 2d 603 (7 Cir. 1955)] that case is no longer adhered to." [Emphasis added; footnotes omitted].

The Court of Appeals for the First Circuit in Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1 Cir. 1961), held that an order of the District Court granting a motion to quash a subpoena duces tecum which disposed of the only proceeding in the district growing out of the particular controversy, and the only proceeding anywhere between the particular parties involved, was appealable as a "final decision." The Court said at pages 423–424:

"The appealability of orders cannot be decided by rote. It is not the fact that the order below dealt with a motion to quash a subpoena duces tecum that is controlling, or, perhaps, not even that the motion was granted. Nor does it make any difference that

the court's action was not a final judgment in the usual sense. *What is critical is whether the party unsuccessfully seeking the subpoena has any other means of obtaining review.* * * * Here the order of the district court made a final disposition of the only proceedings in its district growing out of a particular controversy, and the only proceeding pending between these particular parties anywhere. It cannot be said to lack finality either because it was ancillary to some other proceeding in another district, or because before some other district judge, or on some other set of facts, a different decision might have been made. The motion to dismiss for lack of jurisdiction must be denied." [Emphasis added, footnote omitted].

The result in Horizons Titanium v. Norton Co., supra, has been adopted by the Court of Appeals for the District of Columbia. See Westinghouse Electric Corp. v. City of Burlington, Vermont, 122 U.S.App.D.C. 65, 351 F.2d 762, 765 (1965). See also Machin v. Zuckert, 114 U.S.App.D.C. 335, 316 F.2d 336 (1963), cert. denied, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963).

A similar result was reached by the Court of Appeals for the Fifth Circuit in Gladrow v. Weisz, 354 F.2d 464 (5 Cir. 1965). That case pertained to an appeal from an order requiring production of a page or pages of a certain notebook incident to cross-examination of a witness in a proceeding pending before a board of patent interferences. The Court stated, at page 466:

"In this Court, Weisz (the junior party) first moved to dismiss the present appeal on the ground that the order appealed from was interlocutory and not final. Another panel of this Court ordered the motion carried with the case. Weisz later undertook to withdraw the motion. However, an appealable order is necessary to support this Court's jurisdiction, and we pass upon the question. Without hesitation, we hold *that the order requiring the appellants to produce the page*

*or pages of the notebook was a substantial end to the proceedings in the district court, and hence, that the order is final and appealable.*[3] [Citing, among other cases, Cobbledick v. United States, supra.] [Emphasis added].

To the same effect, see Covey Oil Company v. Continental Oil Company, 340 F. 2d 993 (10 Cir. 1965), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). In that case a defendant, a major oil company which had been sued for violation of the Sherman Act and the Clayton Act, caused subpoenas duces tecum to be served upon a number of non-party witnesses, independent oil marketers. Certain of the non-party witnesses moved to quash the subpoenas; the District Court modified the subpoenas and then denied the motion to quash. Various non-party witnesses appealed claiming that the District Court's order would cause them irreparable harm because the revelation of trade secrets would destroy their business. The Court of Appeals reviewed the concept of finality as enunciated by the Supreme Court in *Cobbledick* and subsequent cases [DiBella v. United States, 369 U.S. 121, 81 S.Ct. 692, 5 L.Ed.2d 690 (1962); Swift & Company Packers v. Compania Colombiani Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)] and then concluded that the order of the District Court was appealable. The Court stated at page 996:

" * * * Postponement of consideration might destroy the claimed right. More importantly, the appellants, as nonparties to the main suit, will have no right of appeal from a judgment therein. The trial court's order, final as to these appellants, commands them to divulge the requested information. Such order is both collateral to the main suit and final as to these appellants. * * *" [Footnotes omitted].

The Court further stated at page 997:

"What we have said does not mean that every order on a motion to quash a subpoena is appealable. Here we have a serious claim by non-party witnesses of a right to protection from the disclosure of trade secrets. Their claims are, in the language of Swift & Co. Packers v. Compania Colombiani Del Caribe, 'fairly severable from the context of a larger litigous process.' *The practical effect of the order will be irreparable by any subsequent appeal.* In our opinion the order is appealable. [Emphasis added; footnotes omitted].

■ A review of the foregoing cases leads us to the obvious conclusion that the answer to the question of whether an order of a district court is appealable cannot be found merely by determining whether the order arises out of a proceeding which is ancillary to some other proceeding in another district. Nor can the question of appealability be determined by the sole fact that the party aggrieved by the order is or is not a stranger to the major controversy. The ultimate question to be resolved must always be whether the order which a person seeks to appeal is final for all practical purposes. In other words, we must determine whether the party bringing the appeal has any other means of obtaining review of the claimed erroneous action of the district court.

■ In the case now before us the senior party argues that the order of the District Court was not final for, if judgment should be entered for the senior party in the Patent Office, review may be sought by the junior parties either in the Court of Customs and Patent Appeals, pursuant to 35 U.S.C. § 141, or by civil action in a United States District Court, pursuant to 35 U.S.C. § 146. We reject this argument for if the senior party should prevail and the junior parties appealed to the Court of Customs and Patent Appeals no additional evidence may be put into the record; therefore, the testimony which the junior parties are now attempting to procure could not be made a part of the record in that appeal. And if the appeal were to a district court the advantage of taking additional testimony would, to a certain extent, be counterbal-

anced by the presumption of administrative correctness. See In re Natta et al., 264 F.Supp. 734 (D.C.Del.1967). To say that the junior parties can obtain review under § 141 or § 146 of 35 U.S.C. when it is clear that either review would be ineffectual as to the alleged errors which the parties have presented to us would be to close our eyes to reality and indulge in a legal fiction—and this we refuse to do.

In view of the foregoing we must hold that the claimed error of the District Court constituted a final decision for all practical purposes, for if it be error, this is the only opportunity which the junior parties will have to *effectively* review the District Court's order. Accordingly, we find the order of the District Court denying the junior parties motion to compel testimony to be an appealable order. We therefore will not now, or in the future, follow the case of Korman v. Shull, supra, previously decided by this Court. We note that we have examined the following cases cited by counsel for the senior party: Robinson v. Bankers Life and Casualty Company, 226 F.2d 834 (6 Cir. 1955); In re Manufacturers Trading Corporation, 194 F.2d 948 (6 Cir. 1952); Thomas French & Sons v. International Braid Co., 146 F.2d 735 (1 Cir. 1945) and Tucker v. Peiler, 297 F. 570 (2 Cir. 1924), cert. denied, 265 U.S. 587, 44 S.Ct. 461, 68 L.Ed. 1193 (1924). However, each of the foregoing cases is either not applicable to the factual situation before us or states a proposition of law which we decline to follow.

*As to the propriety of the order of the District Court.* Having concluded that the order of the District Court is appealable, we pass now to a consideration of the merits of the appeal; and we need pause but briefly on this question. The deposition of the senior party was taken by the junior parties and the taking of the testimony covered several days. During that time the senior party refused to answer some 48 questions. In this appeal the junior parties no longer press for answers to a number of those questions. As to the remaining questions which the senior party refused to

answer, we find that the District Judge did not abuse his discretion in declining to compel answers to those questions. We must recall that the purpose of the deposition was to elicit testimony regarding derivation and it appears to us as though the questions to which the junior parties seek to compel answers attempted to elicit the thought process of the senior party so as to determine how he allegedly conceived and arrived at his claimed invention. Such was not proper and the District Judge committed no error by refusing to compel the testimony.

Accordingly, the order of the District Court which is the subject of this appeal is affirmed.