The DOW CHEMICAL COMPANY, Plaintiffs,

The Chamber of Commerce of the United States of America, Plaintiff-Appellant,

v.

S. Martin TAYLOR, Director of the Michigan Employment Security Commission, et al., Defendant,

United Steelworkers of America, AFL–CIO–CLC, Intervenor-Appellee.

No. 75–1031.

United States Court of Appeals, Sixth Circuit.

July 1, 1975.

Robert Finkel, Detroit, Mich., Roy E. Browne, Hershey, Browne, Wilson, Steel, Cook & Wolfe, Akron, Ohio, Simon Lazarus, Jr., Paxton & Seasongood, Cincinnati, Ohio, Gerard C. Smetana, Jerry Kronenberg, Chicago, Ill., Alan Raywid, Burt Braverman, Washington, D.C., Borovsky, Smetana, Ehrlich & Kronenberg, Chicago, Ill., Richard Berman, Labor Relations Counsel, Chamber of Commerce of U. S., Washington, D.C., for plaintiff-appellant.

Rudolph L. Milasich, Jr., Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., Jeffrey S. Goldman, Lederer, Fox & Grove, Chicago, Ill., for intervenor-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Appellant Chamber of Commerce of America (Chamber) and Dow Chemical Company (Dow) instituted this action in the district court on July 25, 1972 against the individual members of the Michigan Employment Security Commission (MESC) for a declaratory judgment and an injunction against enforcement of the Michigan Employment Security Act to the extent it is construed to authorize payment of unemployment benefits to striking employees. On September 5, 1972, United Steelworkers of America, AFL–CIO (Steelworkers) was granted leave to intervene as a defendant to protect the interests of their members who are employees of Dow. The complaint alleged that such payments contravene the nation's labor policy by disrupting the scheme of free collective bargaining and are thus in violation of the Supremacy Clause of Article VI of the Constitution.

In the course of pretrial discovery, the Steelworkers served upon the Chamber several interrogatories, including Interrogatory Number 1 which reads:

1. List the name, principal office address and Michigan address of each "underlying" member business firm of the Chamber who is now or who at any time since January 1, 1968 has been an employer subject to the Michigan Employment Security Act, 12 M.S.A. § 17.501, et seq. (hereafter "MESA").

The Chamber filed objections to several of the interrogatories particularly Number 1. It claimed that the Chamber's members enjoy a First Amendment freedom of association which will be "chilled" if the Chamber is required to turn over a membership list to the Steelworkers and that irreparable injury will occur upon disclosure. The Chamber further claims that its members' identi-

ties are of no relevance to the action and are not needed by the Steelworkers.

On October 8, 1974, the district court ordered the Chamber to answer Interrogatory No. 1 and on November 4, 1974, the Chamber filed a notice of appeal. No certification under 28 U.S.C. § 1292(b) was issued by the district judge.

The Chamber here has alleged two alternative bases for this court's jurisdiction to hear its appeal.[1] Its main contention is that the district court order was a "final decision" and thus appealable under 28 U.S.C. § 1291.[2] In Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), the Supreme Court discussed the requirement, now embodied in § 1291, that a district court decision be final before it becomes appealable.

For purposes of appellate procedure, finality—the idea underlying 'final judgments and decrees' in the Judiciary Act of 1789 and now expressed by 'final decisions' in § 128 of the Judicial Code—is not a technical concept of temporal or physical termination. It is the means for achieving a healthy legal system. As an instrument of such policy the requirement of finality will be enforced not only against a party to the litigation but against a witness who is a stranger to the main proceeding. Neither a party nor a non-party witness will be allowed to take to the upper court a ruling where the result of review will be 'to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation . . . '. 309 U.S. at 326, 60 S.Ct. at 541.

In Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), the court further noted that "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." 324 U.S. at 233, 65 S.Ct. at 633.

It is clear that the order here appealed from does not terminate the litigation. Appellant contends, however, that under the "collateral order doctrine" enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), this order is appealable under § 1291 because it falls within the small class of orders " . . . which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225.

Several courts of appeals have considered the question of whether a discovery order is appealable under the "collateral order doctrine" of Cohen, supra. Most circuit courts which have considered the question have rejected the applicability of Cohen to discovery orders. Gialde v. Time, Inc., 480 F.2d 1295 (8th Cir. 1973); Borden Company v. Sylk, 410 F.2d 843 (3rd Cir. 1969); American Express Warehousing, Ltd. v. Transamerica Ins. Co., 380 F.2d 277 (2nd Cir. 1967); Paramount Film Distributing Corp. v. Civic Center Theatre, 333 F.2d 358 (10th Cir. 1964). We follow these cases and hold that the district court's discovery order is not appealable as a final decision under § 1291. To accept appellant's view that such discovery orders are appealable would " . . . invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters." Borden

---

1. The Steelworkers filed a motion to dismiss the appeal on the grounds that this court lacked jurisdiction to review the district court order. By order of March 4, 1975, that motion was denied without prejudice, the court noting that the appealability question could be reviewed by the panel to which the appeal is assigned for argument.

2. 28 U.S.C. § 1291 provides:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

Company v. Sylk, 410 F.2d 843, 846. We decline to do so.

Nothing in our decision here is inconsistent with this court's decision in Ochsner v. Millis, 382 F.2d 618 (6th Cir. 1967). In *Ochsner,* an interference proceeding was being conducted in the United States Patent Office. For use in the interference proceeding, the junior parties took the deposition of the senior party, who refused to answer certain questions propounded to him. The junior parties filed a motion in the district court to compel the testimony, but the motion was denied.

This court in *Ochsner* held the district court order appealable under § 1291. The court reasoned that the junior parties had no other means of obtaining effective review of the action of the district court. The court noted that review in the Court of Customs and Patent Appeals pursuant to 35 U.S.C. § 141 would be ineffective because no additional evidence could be put into the record, and therefore the testimony which the junior parties were attempting to procure could not be put into the record in that appeal. Alternatively, if an appeal were taken pursuant to 35 U.S.C. § 146 to the district court where additional testimony could be taken, this advantage would be counterbalanced to some extent by the presumption of administrative correctness. Thus, the court concluded, the action of the district court was ". . . a final decision for all practical purposes, for if it be error, this is the only opportunity which the junior parties will have to *effectively* review the District Court's order." 382 F.2d at 623.

We are not faced with that situation here. Unlike the appellants in *Ochsner,* appellant here can obtain effective review of the district court order by failing to comply with the order and perfecting an appeal should the district court impose sanctions under Rule 37(b) of the Federal Rules of Civil Procedure. In United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), the Supreme Court faced a similar question where a person sought review of a district court order requiring that he produce records before a federal grand jury. In holding that the order was non-appealable, the Supreme Court stated:

> But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review. 402 U.S. at 532, 91 S.Ct. at 1582 (footnote omitted)

*Ryan* involved production of documents before a federal grand jury, but we think the reasoning of the Court is applicable here. Should the Chamber refuse to obey the order and sanctions are applied, review of the order may be obtained. In the present posture of this case, however, we conclude we have no jurisdiction under 28 U.S.C. § 1291 to hear this appeal.

█ Appellant also contends that this court has jurisdiction to hear this appeal under the All Writs Act, 28 U.S.C. § 1651(a). We note that the record does not reveal that the appellant has filed with the clerk of this court proof of service of the mandamus petition upon the district court judge as required by Federal Rules of Appellate Procedure 21(a). We also note that the petition was not filed until some four months after the entry of the order appealed from, which might in itself be grounds for dismissal of the appeal. Cf. In Re United Shoe Machinery Corporation, 276 F.2d 77 (1st Cir. 1960). We need not decide whether these procedural deficiencies are grounds for dismissal, however, since we conclude that appellant has failed to meet its burden of showing

extraordinary circumstances which would entitle it to mandamus.

The appeal is dismissed for lack of appellate jurisdiction. Costs to appellees.