In re GRAND JURY PROCEEDINGS AT CHATTANOOGA, TENNESSEE, (JULY 20, 1971—NOVEMBER 15, 1972).

ALPHA PORTLAND INDUSTRIES, INC., et al., Petitioners,

v.

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TENNESSEE, S.D. AT CHATTANOOGA, Respondent.

Nos. 80–1415, 80–1454.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1980.

Decided Jan. 23, 1981.

Rehearing and Rehearing En Banc Denied March 9, 1981.

George Deukmejian, Cal. Atty. Gen., Sanford N. Gruskin, Cal. Asst. Atty. Gen., Peter K. Shack, Michael R. Granen, Cal. Deputy Attys. Gen., Los Angeles, Cal., for respondents.

William T. Plesec, Carl L. Steinhouse, Stephen J. Squeri, Jeffrey J. Baker, Cleveland, Ohio, for petitioners.

Before KEITH, KENNEDY and JONES, Circuit Judges.

PER CURIAM.

Petitioners challenge the order of the District Court for the Eastern District of Tennessee transferring certain grand jury transcripts to the District Court of Arizona.

Pending in the District Court of Arizona are consolidated private antitrust actions filed against cement companies. One of the plaintiffs, the State of California, filed a motion in the Eastern District of Tennessee to transfer to the Arizona District Court transcripts of a grand jury which sat in Chattanooga, Tennessee July 20, 1971 through November 15, 1972 and investigated antitrust matters involving the cement

industry. No indictments were returned. The cement companies moved to intervene in the Tennessee proceeding. They moved to expunge Exhibit B filed under seal with the court which purported to be memoranda from the U.S. Attorney's Office which had been sent to the California Attorney General's Office describing the scope of the grand jury investigation. They also opposed the motion to transfer.

The District Court granted the motion to intervene, denied the motion to expunge without prejudice, and granted the motion to transfer. It held that, as it was transferring the grand jury transcripts, the issue of Exhibit B could be handled by the Arizona court. It held that as no special need for continuing secrecy was demonstrated by the U.S. Attorney's Office, the Department of Justice, or the cement companies, all of whom were represented before the court, and the court had no special knowledge of any special need to maintain the secrecy of the grand jury materials, the transfer was appropriate; the Arizona court was in as good a position as it was to determine any continuing need for secrecy. Furthermore, the Arizona court was the only court that could determine whether or not a particularized need for disclosure in the private antitrust litigation has been demonstrated.

Petitioners claim that transfer is improper unless the parties first request disclosure. They argue that the District Court failed in its duty to determine whether or not there was a continuing need for secrecy. They claim the District Court was required to interview each of the witnesses to determine if there was any continuing need for secrecy, as they had asked the District Court to do. They also claim the failure to expunge was error.

Respondent argues that transfer was proper without first showing particularized need for disclosure or even asking for disclosure. It claims the District Court did all it had to do to determine if there was a particularized need. Further, it argues the order was not appealable and that petition-er did not appeal from the order denying the motion to expunge Exhibit B.

The decision whether or not an order is final for purposes of appeal depends on whether or not another method of obtaining review exists. *See Ochsner v. Millis*, 382 F.2d 618, 622 (6th Cir. 1967). In the present case, the District Court in Tennessee has no jurisdiction over actions in Arizona; nor does the District Court in Arizona have jurisdiction over actions in Tennessee. Thus, the present appeal may be the only effective review of the order to transfer. The case is not being transferred, the records are. The case filed in Tennessee was filed solely for the purpose of transferring these transcripts; now that the transcripts are transferred, the Tennessee case is closed. This Court concludes the order is final and appealable. *See State of Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir.), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 233, 99 S.Ct. 1667, 1680, 60 L.Ed.2d 156 (1979) (Rehnquist, J., concurring).

Petitioners' notice of appeal did not refer to the order of the District Court delivered from the bench denying their motion to expunge. Thus, that issue is not properly before this Court. *See* Rule 3(c), Fed.R. App.Pro.

The Supreme Court in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), held that parties seeking disclosure of transcripts under Rule 6(3) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding and the need for disclosure is greater than the need for continued secrecy. 441 U.S. at 222–23, 99 S.Ct. at 1674. The Court held that as the court that supervised the grand jury is in the best position to determine if there is any special need for continuing secrecy of the grand jury proceedings, the initial inquiry must be directed to the supervising court. After all, the records are in the custody of the supervis-

ing court and the personnel of the court and the U.S. Attorney's Office are more likely to be familiar with the proceedings. The inquiry should then proceed to the court where the other judicial proceeding is pending for a determination of the need for disclosure. Armed with the written evaluation of the continuing need for disclosure from the supervising court, the litigation court then must balance the need for disclosure against the need for secrecy. 441 U.S. at 225–31, 99 S.Ct. at 1676.

■ The District Court in the present case followed the steps outlined in *Petrol Stops, supra.* It inquired whether or not any of the parties knew of any need for continuing disclosure and made a written evaluation. It concluded that as the documents were not physically in Tennessee but were in Washington, D.C., the records were almost ten years old, the court had no specific knowledge about the grand jury proceedings or the identity of the witnesses, the Department of Justice did not object to the transfer, and the persons or departments who might have had specific knowledge were either unable or unwilling to make any representations regarding the continuing need for secrecy, no special reasons for continuing secrecy were shown. It transferred the documents as the Arizona court would be in a better position to determine both the need for disclosure and the need for continued secrecy when a particularized need for disclosure was made.

■ This Court holds that the procedure followed in this case was proper; a motion for disclosure of grand jury transcripts is not a prerequisite for a motion to transfer the transcripts. The Supreme Court in *Petrol Stops* indicated a bifurcated proceeding was proper. *See In re Grand Jury Investigation of Uranium Industry*, 1980–2 Trade Cases (CCH) ¶ 62,379 (D.D.C. 1980) (transfer of grand jury transcripts upon a motion for transfer rather than a motion for disclosure). This Court further holds that the District Court in the present case did all that it was required to do—that is, determine whether or not the U.S. Attorney's Office or court personnel connected with the grand jury had any special knowledge about the continued need for grand jury secrecy. While the court was not precluded from doing so, this Court holds that the District Court was not required to read the entire transcript or interview all the witnesses to determine if any need for continuing secrecy exists. *See Uranium Industry, supra,* at n. 5 (transferor court declined to give all the grand jury witnesses notice and an opportunity to be heard before transferring; it left this task for the transferee court).

This Court affirms the decision of the District Court.