# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1930

_____

Rhonda Tenkku,     *

      Plaintiff - Appellant,     *

v.     *

      *   Appeal from the United States

Normandy Bank;     *   District Court for the

      *   Eastern District of Missouri.

      Defendant - Appellee,     *

Federal Deposit Insurance Corporation,     *

      Movant - Appellee.     *

_____

Submitted: February 14, 2000

Filed: July 28, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Rhonda Tenkku resigned as Vice President and Cashier of Normandy Bank in June 1996, believing she had been wrongly blamed for negative statements in a May 1996 examination report issued by the Federal Deposit Insurance Corporation. She then commenced this Title VII action against Normandy, alleging constructive retaliatory discharge. Tenkku now appeals a series of interlocutory orders by the

district court[1] denying in part her motion to compel discovery from the FDIC, ordering her to return to the FDIC any copies of its May 1996 report, and imposing a discovery sanction. We dismiss the appeal for lack of jurisdiction.

In October 1997, Tenkku served documentary and testimonial subpoenas on an FDIC examiner and its custodian of records. The FDIC moved to quash the subpoenas and also moved for an order compelling Tenkku to return the copy of the May 1996 report she took when she left Normandy. In May 1998, the district court ordered Tenkku to return the report and ordered the FDIC to provide her a redacted copy of the report. Tenkku returned the report and then unsuccessfully petitioned this court for a writ of mandamus to review the May 1998 order. The FDIC provided her a redacted copy of the report on May 29.

Instead of being resolved, the discovery dispute widened. Over a period of months, Tenkku moved to compel the FDIC to produce an unredacted report; argued that the court, rather than the FDIC, should have determined what would be redacted; and fought over the terms of a protective order governing discoverable examination documents. Ultimately, the district court reviewed the full May 1996 report, the FDIC's redactions, and other requested FDIC documents *in camera*. On February 9, 1999, the court ordered the FDIC to produce additional documents and some previously redacted portions of the report, and it imposed a sanction of $1,305.56 on Tenkku for her behavior in dealing with these discovery matters. Tenkku appeals these discovery orders.

With few exceptions, our appellate jurisdiction is limited to "final decisions" of the district court. 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it

---

[1]The HONORABLE TERRY I. ADELMAN, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was assigned with the consent of the parties. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b).

ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment." Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999). Cunningham held that a sanctions order against a party or her attorney is not an appealable final order. See also Coleman v. Sherwood Med. Indus., 746 F.2d 445, 446-47 (8th Cir. 1984). Accordingly, we have no jurisdiction to consider Tenkku's appeal from the district court's sanction order.

The remainder of the appeal challenges district court orders requiring Tenkku to turn over a copy of the FDIC's May 1996 examination report, and refusing her discovery requests for an unredacted copy of that report. "[P]retrial discovery orders are not immediately appealable because they can be effectively reviewed after final judgment." Sedlock v. Bic Corp., 926 F.2d 757, 758 (8th Cir. 1991). This rule applies to discovery against a nonparty such as the FDIC when the order is issued by the court in which the main action is pending. See Horvath v. Letay, 343 F.2d 463, 464-65 (2d Cir. 1965).[2] Tenkku argues that this general rule does not apply here for two reasons.

First, Tenkku argues that the district court's May 1998 order requiring her to turn over a copy of the May 1996 examination report was an injunction appealable under 28 U.S.C. § 1292(a)(1). We disagree. "Even though a discovery order may compel a party to perform certain actions, and usually is enforceable by contempt, such an order is not injunctive in nature because it does not grant or withhold substantive

---

[2]By contrast, when a subpoena to a nonparty was issued by a different federal court, an order by that court quashing the subpoena is normally appealable as the final decision in the ancillary proceeding. See Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 554 (2d Cir. 1967). Here, Tenkku relies on D.C. Circuit decisions reviewing orders quashing or limiting subpoenas served on federal bank regulatory agencies like the FDIC. But those cases involved ancillary subpoena proceedings and therefore did not address this issue of appellate jurisdiction. See Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217 (D.C. Cir. 1993); In re Subpoena Served upon the Comptroller of the Currency, 967 F.2d 630 (D.C. Cir. 1992).

relief." 19 MOORE'S FEDERAL PRACTICE § 203.10[6][a] (Matthew Bender 3d ed.); see Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 279 (1988). Had Tenkku wanted to appeal the turn-over order immediately, she could have refused to obey the order and appealed the resulting contempt order. See Corporacion Insular de Seguros v. Garcia, 876 F.2d 254, 256-57 (1st Cir. 1989). Instead, she turned over the report and unsuccessfully petitioned this court for a writ of mandamus. We reject her belated attempt to appeal the May 1998 order as one granting an injunction.

Second, Tenkku argues that the district court's various discovery orders are appealable under the collateral-order doctrine, which permits immediate appeal of the "small category" of otherwise non-final orders "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Cunningham, 527 U.S. at 204. This contention is without merit. The effect of these orders is to limit Tenkku's discovery of documents and testimony she considers relevant to the merits of her Title VII claims. That issue is effectively reviewable on an appeal from the final judgment on those claims. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1981); Sedlock, 926 F.2d at 758.

The appeal is dismissed. Tenkku's alternative request for a writ of mandamus is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-