# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1961

_____

Robert Carter,                               *
                                             *
                     Appellant,              *     Appeal from the United States
                                             *     District Court for the Eastern
        v.                                   *     District of Missouri.
                                             *
Ashland, Inc.; John Jennex,                  *          [PUBLISHED]
                                             *
                     Appellees.              *

_____

Submitted: May 30, 2006
Filed: June 15, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Carter brought this Title VII employment-discrimination action against his former employer, Ashland, Inc., alleging he was terminated and was not rehired because of his race (African-American). During discovery, Carter produced two witness statements from former Ashland employees, and a dispute ensued as to whether the two statements contained the witnesses' genuine signatures. After a hearing, the district court[*] found the signatures on the submitted statements were not genuine and the statements thus were fraudulent. In a written order, the district court

_____

[*]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

dismissed the complaint with prejudice as a sanction for Carter's fraud on the court, and decreed defendants "shall recover" their costs and attorney's fees as "a further sanction." Defendants then moved for specified attorney's fees and costs. While their motion was pending, Carter filed a notice of appeal from the dismissal order, before the court had decided the dollar amount of this additional sanction.

Although the issue is not raised by the parties, we must determine whether we have jurisdiction over this appeal. See 28 U.S.C. § 1291 (appeals courts have jurisdiction of appeals from final district court decisions); Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (even if conceded by parties, jurisdictional issues will be raised sua sponte by court when there is indication jurisdiction is lacking). In our circuit, a sanctions order reserving the determination of the amount of sanctions is not yet final. See, e.g., Lee v. L.B. Sales, Inc., 177 F.3d 714, 717-18 (8th Cir. 1999) (order awarding sanctions under 28 U.S.C. § 1927 for "plaintiffs' unreasonable and vexatious conduct," but reserving determination of amount of sanctions, was not appealable until entry of order fixing amount). A notice of appeal filed prematurely can be saved by Federal Rule of Appellate Procedure 4(a)(2) (notice of appeal filed after court announces order--but before entry of judgment or order--is treated as filed on date of and after entry), but "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment," FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274-76 (1991). We conclude Rule 4(a)(2) does not save the instant notice of appeal filed prematurely from the dismissal order, because the order "left unresolved" the amount of attorney's fees and costs. See Dieser, 440 F.3d at 924-25 (holding Rule 4(a)(2) did not save notice of appeal filed from district court orders which "left unresolved" amount of statutory penalties, prejudgment interest, attorney's fees, and costs and which called for further submissions from parties to determine those amounts, as those orders "could not reasonably be believed to be final").

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____