# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2372

_____

| | |
|---|---|
| Tandy L. Hairston, | * |
| | * |
| Appellant, | * |
| | * |
| Carolyn Beverly, | * |
| | * Appeal from the United States |
| Plaintiff, | * District Court for the |
| | * Eastern District of Missouri. |
| v. | * |
| | * [UNPUBLISHED] |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: July 6, 2007
Filed: July 23, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

In March 2005 Tandy Hairston sought return of a Rolex watch as well as numerous other items seized by the FBI in November 2001 as part of a criminal investigation. The district court[1] dismissed Hairston's claim for return of the watch, and Hairston appeals.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

We conclude we lack jurisdiction to review the March 2006 order. While the district court dismissed some of Hairston's claims in a January 6 order, the court has not rendered final judgment on Hairston's claim for property on a "List of Items To Be Returned," which he submitted to the court on January 23. Thus, the March order, which disposed of only the watch claim, did not end the litigation on the merits. See 28 U.S.C. § 1291 (courts of appeals have jurisdiction over district court's final decisions); Tenkku v. Normandy Bank, 218 F.3d 926, 927 (8th Cir. 2000) (decision is not usually final unless it effectively ends litigation on merits and leaves nothing for district court to do but execute judgment). If the court intended the March 2006 order to be a partial final judgment, certification under Federal Rule of Civil Procedure 54(b) was required. See Fed. R. Civ. P. 54(b) (when action raises more than one claim for relief, court may direct entry of final judgment as to fewer than all claims only upon "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment"; in absence of such determination and direction, order which adjudicates fewer than all claims does not terminate action as to any claim); Stockman's Water Co. v. Vaca Partners, 425 F.3d 1263, 1266 (10th Cir. 2005) (district court's certification was ineffective to provide jurisdiction over appeal where certification order did not include analysis of relevant factors under Rule 54(b)); cf. Bullock v. Baptist Mem'l Hosp., 817 F.2d 58, 59 (8th Cir. 1987) (orders directing entry of final judgment as to fewer than all parties must, either in express words or by unmistakably clear implication, contain findings specifically required by Rule 54).

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____