# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2935
_____

United States of America

*Plaintiff - Appellee*

v.

Laquan D. Haynes, also known as Laquan Darell Haynes, also known as Quan,
also known as Lil Haynes

*Defendant*

Teresa Lynette Bloodman

*Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: June 8, 2015
Filed: July 17, 2015

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Teresa Lynette Bloodman withdrew as Laquan Darell Haynes's attorney in a criminal case. The magistrate judge[1] ordered her to return discovery material "as soon as possible." She returned it thirty-four days later. The judge sanctioned her $250 for violating the order. The district court[2] affirmed the sanction. Bloodman appeals. Because Haynes's criminal case is still pending in the district court, this court dismisses Bloodman's appeal for lack of jurisdiction.

When Bloodman withdrew, the magistrate judge ordered her to return discovery material "as soon as possible." That day, the judge emailed the order, instructing her "to turn over to the United States Attorney's Office any and all discovery material previously provided her by the Government." After twenty days, she had not returned the material. The judge issued a second order to return it within a week, or risk a show-cause order and sanctions. Bloodman, no longer on the electronic filing system, did not receive the email, but the clerk mailed her a hard copy. Eleven days after the second order, she still had not returned the material. The judge emailed her a show-cause order. Bloodman sent the material the next day via overnight mail, though delivery was delayed two days due to weather.

At the show-cause hearing, Bloodman apologized. She claimed not to receive the second order, the only one to set an exact date. She said she had medical issues during this time. The judge did not find bad faith or hold her in contempt, but ordered her to pay $250 to the Department of Justice for the government's "time and effort and energy." (The judge did not identify the authority for the sanction.) Bloodman moved for reconsideration, filed objections, and appealed to the district

---

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

[2]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

court. It referred the motion for reconsideration to the magistrate judge, who denied the motion. Bloodman requested review by the district court. Six days later, she appealed to this court, which dismissed the appeal as premature. The district court then affirmed the sanction.

"[W]e must determine whether we have jurisdiction over this appeal." *Carter v. Ashland, Inc.*, 450 F.3d 795, 796 (8th Cir. 2006) (per curiam). "With few exceptions, our appellate jurisdiction is limited to 'final decisions' of the district court." *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000), *citing* **28 U.S.C. § 1291** ("Final decisions of district courts"). "A decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Id.* (brackets omitted), *quoting Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999). "[A] sanctions order imposed on an attorney is not a 'final decision' under § 1291," including when "the attorney no longer represents a party in the case." *Cunningham*, 527 U.S. at 200, 210 (Federal Rule of Civil Procedure 37 sanction imposed for violating discovery order). *See also Tenkku*, 218 F.3d at 927 (stating that "*Cunningham* held that a sanctions order against a party or her attorney is not an appealable final order" and dismissing interlocutory appeal of attorney sanction). *Cf. Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 486, 491 (8th Cir. 2006) (noting "an order sanctioning an attorney is appealable" where district court judgment was final). Even if Bloodman's appeal is "criminal," *Cunningham* and *Tenkku*—both civil cases—control because § 1291 applies to "both civil and criminal" cases. *See Abney v. United States*, 431 U.S. 651, 657 (1977).

The government asserts jurisdiction under the collateral order doctrine, citing a pre-*Cunningham*, First Circuit case allowing the government to appeal a fee order after the criminal defendants were found guilty and sentenced. *United States v. Horn*, 29 F.3d 754, 759, 768-69 (1st Cir. 1994) (noting "no prospect of piecemeal

litigation endures"). *Horn* is probably not good law. *See **Empresas Omajede, Inc. v. Bennazar-Zequeira***, 213 F.3d 6, 9 n.4 (1st Cir. 2000). At any rate, this case is factually distinguishable: Haynes, who pled guilty, has not been sentenced; the "prospect of piecemeal litigation" remains. *See **Horn***, 29 F.3d at 769. "Several other circuits have held that *Cunningham* precludes interlocutory appeals of sanctions imposed under . . . other sources of authority." **S.E.C. v. Smith**, 710 F.3d 87, 95, 96 (2d Cir. 2013) (holding "*Cunningham* applies to appeals of sanctions imposed under Rule 11 as well as under the district court's inherent powers because, like Rule 37 sanctions, these appeals will often implicate the merits of the underlying action," and citing *Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006), *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001), *and Empresas Omajede, Inc.*, 213 F.3d at 9 n.4). *See also **In re FEMA Trailer Formaldehyde Prods. Liab.***, 401 Fed. Appx. 877, 881 n.4 (5th Cir. 2010) (per curiam) ("We have since applied *Cunningham* to preclude collateral order review of other sanctions orders assessed against attorneys for conduct during the course of litigation.").[3]

\* \* \* \* \* \* \*

This appeal is dismissed for lack of jurisdiction.

_____

---

[3]Curiously, Bloodman argues this court lacks jurisdiction because the district court applied the wrong standard of review to the magistrate judge's order. This is incorrect. This court reviews final decisions, even those applying the wrong standard of review. *See **White v. Pence***, 961 F.2d 776, 782 (8th Cir. 1992) (reversing and remanding after district court applied incorrect standard of review).