754 F.2d 799
 BURLINGTON NORTHERN RAILROAD, CO., Appellant,
v.
Gerald D. BAIR, Director of the Department of Revenue of
Iowa, Appellee.
BURLINGTON NORTHERN RAILROAD CO., Appellee,
v.
Gerald D. BAIR, Director of the Department of Revenue of
Iowa, Appellant.
 Nos. 84-2004, 84-2053.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 29, 1985.
Decided Feb. 15, 1985.
 
 James McBride (argued), Washington, D.C., Richard A. Malm, Des Moines, Iowa and Stephen D. Goodwin, Memphis, Tenn., for appellant.
 Mark Schuling (argued), Des Moines, Iowa, Gerald A. Kuehn, Asst. Atty. Gen., Des Moines, Iowa, for appellee.
 Before LAY, Chief Judge, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Burlington Northern Railroad brought this action under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. Sec. 11503, alleging discriminatory tax treatment by the State of Iowa. Three complaints were made: (1) the state of Iowa, in tax years 1979 through 1982, assessed and collected, or sought to collect, tax payments on Burlington Northern's personal property while effectively allowing most other personal property owners to exempt their commercial and industrial personalty from ad valorem taxation; (2) the state of Iowa, in tax years 1981 and 1982, assessed all of Burlington Northern's Iowa property well in excess of its true market value; and (3) the state of Iowa, in tax years 1981 and 1982, assessed all other locally-assessed commercial and industrial property at a much lower level than Burlington Northern's Iowa property. On April 20, 1984 the district court, Chief Judge William C. Stuart, found substantially in favor of plaintiff on the first issue. See Burlington Northern 584 F.Supp. 1229 (S.D.Ia. 1984). The second issue was resolved in favor of defendant on May 25, 1984. In July 1984 the court entered judgment pursuant to Fed.R.Civ.P. 54(b) on the first two issues and held the third issue for later consideration. Plaintiff appealed on the assessment value issue and defendant cross-appealed on the issue of personal property taxation. According to the parties, all of the evidence on the third issue was submitted to the district court in September 1984, but no decision has been rendered. Oral arguments on the appeal and cross-appeal were held on January 29, 1985.
 
 
 2
 We dismiss the appeal and cross-appeal at this time for the reason that the district court certified judgment under rule 54(b) for immediate appeal to this court on fewer than all issues. The district court held that there was "no just reason to delay the appeal" on the first two issues. However, rule 54(b) orders should not be entered routinely or as an accommodation to counsel. Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir.1980); Page v. Preisser, 585 F.2d 336 (8th Cir.1978). As we have held: "Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.' " Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir.1983) quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2nd Cir.1978). See also United States Fire Insurance Co. v. Smith Barney, Harris Upham & Co. Inc., 724 F.2d 650, 652 (8th Cir.1983).
 
 
 3
 The policy of all courts is to avoid piecemeal and interlocutory appeals. According to the parties, a decision on the appeals of the first two issues in this case would not affect the district court's determination on the third issue. No showing of hardship or injustice has been made. There is no reason why the issues on the present appeal and cross-appeal should not be consolidated with the third issue, which remains in the district court. When all issues are decided and a final judgment has been entered, this court will entertain a proper appeal on the entire case. We therefore request the district court to render a decision on the third issue. The parties should then file a new notice of appeal and briefing should be monitored by our Appeals Expediter.
 
 
 4
 The case is remanded to the district court with directions to withdraw rule 54(b) certification and decide the third issue within 45 days. Notice of appeal should then be filed and briefing accelerated so the entire case can be ready for submission to this court by April 15. In preparing additional briefs, it is not necessary for the parties to repeat their arguments on the first two issues. The briefing for April should be limited to the third issue. The appeal and cross-appeal are ordered dismissed without prejudice. All issues will be argued and resubmitted at a later date.