766 F.2d 1222
 BURLINGTON NORTHERN RAILROAD COMPANY, Appellant,
v.
Gerald D. BAIR, Director of the Department of Revenue of
Iowa, Appellee.
BURLINGTON NORTHERN RAILROAD COMPANY, Appellee,
v.
Gerald D. BAIR, Director of the Department of Revenue of
Iowa, Appellant.
 Nos. 85-1410, 85-1411.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1985.
Decided July 2, 1985.
 
 James W. McBride, Washington, D.C., for Burlington.
 Mark Schuling, Des Moines, Iowa, for Bair.
 Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 Burlington Northern Railroad and the Director of the Department of Revenue, State of Iowa, appeal from the judgment of the district court, the Honorable William C. Stuart presiding.
 
 
 2
 This case was initiated by Burlington Northern under section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub.L. No. 94-210, 90 Stat. 31, 54 (codified at 49 U.S.C. Sec. 11503).[1] Three claims were presented to the district court: (1) In tax years 1979 through 1982 Iowa assessed and collected, or sought to collect, ad valorem tax payments on Burlington Northern's personal property in the state while effectively exempting the personal property of most other taxpayers; (2) In tax years 1981 and 1982 Iowa assessed all of Burlington Northern's property in the state at a level well in excess of its true market value; and (3) In tax years 1981 and 1982 Iowa assessed most other commercial and industrial real property at a level much lower than Burlington Northern's real property.[2]
 
 
 3
 In Iowa all property traditionally considered personal which is owned by a utility or railroad, as well as computers, transmission towers, and certain other property, is taxed as real property. See Iowa Code Sec. 427A.1. Utility and railroad personal property treated as real property is centrally assessed, while all other property is locally assessed.
 
 
 4
 The relevance of classification as personal or real property for tax purposes is that personal property receives preferential treatment. The State of Iowa is in the process of eliminating personal property taxes. All property classified as personal has its assessed value "rolled back" to 1973 levels. See Iowa Code Sec. 427A.11. In addition, tax credits are granted against the current tax liability. See Iowa Code Secs. 427A.2, .9. The effect of this scheme is to exempt ninety-five percent of personal property owners from taxation. Only those taxpayers holding personal property of considerable value must pay tax.
 
 I. Personal Property
 
 5
 The Iowa Department of Revenue assesses the value of railroad property in the state as a whole, without classifying it as real or personal. The Director argues the proper value of railroad property can only be determined by considering it as a unit; the separate pieces' values do not reflect their value as a part of the whole. For this reason Burlington Northern's property is assessed by the Department of Revenue, rather than by the various local assessors. There is no valuation rollback of plaintiff's property to 1973 levels. See Iowa Code Sec. 434.15. And, under Iowa Code Sec. 427A.1(1)(h), no part of the railroad's property is entitled to personal property tax credits. Burlington Northern contends this system is discriminatory and violates section 306(1)(d). The district court agreed and found, on the basis of the evidence presented, fifty percent of Burlington Northern's property should be characterized as personal. The court enjoined the Director from excluding fifty percent of plaintiff's property from the tax benefits of rollbacks and credits. Burlington Northern v. Bair, 584 F.Supp. 1229, 1238 (S.D.Iowa 1984).
 
 
 6
 On appeal, while the Director reasserts that railroad property must be considered as a whole and taxed as real property, Burlington Northern asks this court to completely exempt its personal property from taxation.
 
 
 7
 In Ogilvie v. State Board of Equalization, 657 F.2d 204, 210 (8th Cir.), cert. denied, 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981), this court stated the purpose of section 306 "was to prevent tax discrimination against railroads in any form whatsoever." Iowa's classification scheme results in obvious discrimination against Burlington Northern by excluding it from the benefits of personal property tax rollbacks and credits which most other taxpayers enjoy. This type of de jure discrimination clearly falls within the prohibition of section 306(1)(d). The Director argues section 306(1)(d) applies only to taxes other than property taxes and asks that the treatment of plaintiff's property be analyzed under section 306(1)(a). In our judgment section 306(1)(a) covers claims of unequal valuation ratios between railroad and other commercial and industrial property, but not classification discrimination such as is presented here. Section 306(1)(d) is a broad provision intended to reach all types of discriminatory tax treatment. The fact that certain other taxpayers, besides railroads, also are denied the personal property rollbacks and credits does not mitigate the discrimination.
 
 
 8
 Although we find Burlington Northern is entitled to the same benefits as most other taxpayers--rollback and credit--it is not entitled to total exemption. In applying section 306(1)(d) we find that if Burlington Northern's personal property is of such value that tax is still due after the rollback and credit, it must pay tax like any other substantial property owner. A difference in taxation based purely on wealth is not within the prohibition of section 306(1)(d).
 
 
 9
 The district court's finding that one half of plaintiff's property should be considered personal is not clearly erroneous. We hold that section 306(1)(d) prohibits the Director from excluding fifty percent of Burlington Northern's Iowa property from the benefits of taxation as personal property. The injunction issued by the district court is affirmed.
 
 II. Real Property
 
 10
 Burlington Northern has not appealed the district court's May 1984 dismissal of its claim alleging overvaluation. However, the railroad does pursue its claim under section 306(1)(a) for proper equalization, asserting that the ratio of assessed value to true market value of Burlington Northern's real property exceeds the ratio of assessed value to true market value of all other commercial and industrial real property by at least five percent. See Sec. 306(2)(c). As the district court noted, the evidence presented for the overvaluation claim is also relevant to the equalization claim because section 306(1)(a) requires the court to calculate the ratio of assessed value to true market value.
 
 
 11
 In undertaking its section 306(1)(a) analysis, the district court aggregated Burlington Northern's personal and real property and compared the value ratio to all other personal and real property assessed by the Department of Revenue. Since Burlington Northern claimed equalization discrimination only as to its real property, it urges the district court erred. We agree. Although section 306 does encompass all types of property, real or personal, we do not believe the railroad is precluded from asserting a claim regarding only one type of property. In the present case Burlington Northern takes no issue with the valuation ratio of its personal property. The court cannot require Burlington Northern to extend its equalization complaint to personal property. However, in making the section 306(1)(a) ratio comparison, the court may include all other commercial and industrial property, real and personal, assessed by the Department of Revenue. Section 306(1)(a) requires comparison of property "in the same assessment jurisdiction * * *." Since the Department of Revenue assesses utility properties as a unit, without differentiating between real and personal, it would be very difficult for the court to segregate the real property for purposes of comparison. And because the Department of Revenue treats personal property as real property, with no valuation rollbacks, this comparison is not unfair. It would, however, be improper to include Burlington Northern's personal property, which is entitled to a rollback, in the ratio comparison.
 
 
 12
 Burlington Northern next takes issue with the burden of proof imposed by the district court. Section 306(2)(d) states "the burden of proof with respect to the determination of assessed value and true market value shall be that declared by the applicable State law * * *." The district court concluded Iowa law requires Burlington Northern to prove the state's valuation is arbitrary or capricious. The Director argues on the other hand that section 306 does not confer jurisdiction on the federal courts to review state valuations at all. The Director believes the court must simply accept the state's values and plug them into the section 306(1)(a) formula. The argument is supported somewhat by legislative history indicating section 306 was not intended to grant relief for overvaluation. In addition, defendant cites Burlington Northern Railroad v. Lennen, 715 F.2d 494, 498 (10th Cir.1983), which requires the plaintiff to prove "purposeful overvaluation * * * with discriminatory intent * * *." We believe the Director's arguments are without merit. First, both the legislative history cited and the Lennen case deal with overvaluation claims, see Lennen, 715 F.2d at 496, rather than the equalization claim at issue in the present case. Second, if we were to accept the Director's position, section 306 would be a mere shadow of the relief from discriminatory taxation which Congress intended. See S.Conf.Rep. No. 595, 94th Cong. 2d Sess. 136, 165-66, reprinted in 1976 U.S.Code Cong. & Ad.News 148, 151, 180-81. Unless the district court makes its own findings regarding valuation, states would be free to discriminate against railroads by assessing a value far in excess of the true market value, while assessing all other property at true market value, and then asserting, as Iowa does, that assessed value is always equal to true value. Regardless of whether it occurs purposefully or by honest error, section 306(1)(a) forbids this type of discrimination.
 
 
 13
 Turning to the issue concerning the burden of proof, we find the district court erred by adopting a standard-of-review concept as the burden of proof. An action under section 306 is based on alleged discrimination and is not intended to be a review of an administrative valuation determination. In order to make the comparison for equalization purposes under section 306(1)(a), the district court must make findings of fact on: (1) the assessed value of plaintiff's property; (2) the true market value of plaintiff's property; (3) "the assessed value of all other commercial and industrial property in the same assessment jurisdiction"; and (4) "the true market value of all such other commercial and industrial property." The district court must calculate the two ratios and determine whether they vary by at least five percent. Sec. 306(2)(c). Iowa Code Sec. 441.21(3), and the Iowa case law which the district court relied upon, only applies to situations of administrative review. Section 306(2)(d) requires the district court to use the burden of proof generally applicable to civil proceedings. See Atchison, Topeka & Santa Fe Railway v. Lennen, 732 F.2d 1495, 1500 (10th Cir.1984). In Iowa, a party challenging tax valuation by a local assessor is entitled to de novo review in the state court and has the burden of proving his case by a preponderance of the evidence. Iowa Code Sec. 441.39. See, e.g., Ruan Center Corp. v. Board of Review, 297 N.W.2d 538, 540, 542 (Iowa 1980); Bartlett & Co. Grain v. Board of Review, 253 N.W.2d 86, 88 (Iowa 1977). However, in the absence of a provision such as Iowa Code Sec. 441.39, the Department of Revenue assessments are entitled to great deference. We hold that the burden is on Burlington Northern, as the party attacking the accuracy of the Director's values, to show by a preponderance of the evidence what the accurate values are. See Michigan Wisconsin Pipe Line Co. v. Iowa State Board of Tax Review, 368 N.W.2d 187 (Iowa 1985) (burden of proof does not shift from taxpayer). In evaluating the evidence, the district court should give due deference to the Director's expertise in valuation. Because there is no intent element in section 306, Burlington Northern need only prove the accurate values, not purposeful undervaluation or overvaluation.
 
 
 14
 In making findings of fact on assessed values and true market values, the district court may not rely on Iowa Code Sec. 441.21(1)[3] to hold that assessed values equal true market values. There is always a subjective element to valuation. While section 441.21(1) precludes de jure discrimination, there remains the possibility of de facto discrimination if, as a result of error or purpose, the assessed values vary from the true values. Section 306(2)(e), which covers the situation in which separate data for commercial and industrial property cannot be adduced, implies that the court must rely on actual evidence rather than a statutory definition such as section 441.21(1). While we assume there will be little dispute regarding the assessed values, Burlington Northern and the Director are likely to present differing evidence regarding true market value. It is the responsibility of the district court to weigh the evidence and make factual findings.
 
 
 15
 We find the district court erred: (1) in aggregating Burlington Northern's real and personal property in its section 306(1)(a) analysis; (2) by imposing an improper burden of proof; and (3) in failing to make findings of fact on assessment values and true market values. Plaintiff's equalization claim is remanded for proceedings consistent with this opinion.
 
 
 16
 Affirmed in part and remanded in part.
 
 
 
 [1]
 Sec. 306(1) * * * It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
 (a) The assessment (but only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such other commercial and industrial property.
 * * *
 (d) The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.
 
 
 [2]
 In an order dated April 20, 1984, the district court found substantially in favor of plaintiff on the first issue, holding that fifty percent of its property was personal and should be taxed in the same manner as all other personal property. Burlington Northern v. Bair, 584 F.Supp. 1229 (S.D.Iowa 1984). The district court entered an order dismissing the second claim on May 25, 1984 and subsequently entered judgment under Fed.R.Civ.P. 54(b). This court found the rule 54(b) certification improper because the district court had failed to rule on all issues and we dismissed the appeal without prejudice. Burlington Northern v. Bair, 754 F.2d 799 (8th Cir.1985). On March 14, 1985 the district court ruled on the third claim, finding plaintiff failed to prove the state's valuations were arbitrary or capricious. A final order was entered on all issues. Once again, both parties have appealed
 
 
 [3]
 Iowa Code Sec. 441.21
 
 
 [1]
 a. All real and tangible personal property subject to taxation shall be valued at its actual value * * * and, except as otherwise provided in this section, shall be assessed at one hundred percent of its actual value * * *
 b. The actual value of all property subject to assessment and taxation shall be the fair and reasonable market value of such property * * *.