**Nancy BULLOCK and Jerry Bullock, Appellants,**

**v.**

**BAPTIST MEMORIAL HOSPITAL, William Lankford, M.D., and Mid-South BMH Radiologists, P.A., Appellees.**

**No. 87–1269.**

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1987.

Decided April 29, 1987.

Bill W. Bristow, Jonesboro, Ark. and Gary K. Morrell, Memphis, Tenn., for appellants.

David N. Laser, Jonesboro, Ark., and J. Kimbrough Johnson and James L. Kirby, Memphis, Tenn., for appellees.

Before LAY, Chief Judge, and ARNOLD and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This case is before the Court on motion of appellee Baptist Memorial Hospital to

---

dismiss the appeal. The hospital claims that the appeal has been taken from a nonfinal order, and that we therefore lack jurisdiction under 28 U.S.C. § 1291. We agree.

The order appealed from was entered on January 22, 1987. The District Court granted motions to dismiss of three defendants, the appellees Baptist Memorial Hospital, William Lankford, M.D., and Mid-South BMH Radiologists, P.A. The Court held that it lacked jurisdiction over the persons of these defendants, all of whom are "foreign" in the sense of out-of-state. The action remained pending as to two other defendants, W.W. Workman, M.D., and Women's Clinic.

■ An order dismissing a complaint as to fewer than all defendants is of course not a final order within the meaning of § 1291 of the Judicial Code. Here, however, on motion of the plaintiffs-appellants, the District Court has entered a further order "certify[ing] as appealable on an interlocutory basis this Court's previous Order declining to exercise jurisdiction over certain named defendants." No. J–C–86–123 (E.D.Ark. Mar. 30, 1987). Although appellants have not responded to the motion to dismiss the appeal, they would apparently contend that this order qualifies as a Fed.R.Civ.P. 54(b) certification, thus conferring jurisdiction on us. The District Court's order was entered following a motion filed by plaintiffs-appellants for a Rule 54(b) certification.[1]

Fed.R.Civ.P. 54(b) provides, in pertinent part, as follows:

[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The order entered by the District Court here makes the following recitations:

The Court is of the opinion that immediate appeal from its Order may ultimately advance termination of this litigation, since if the Eighth Circuit agrees with plaintiffs' position this Court will be able to hear the action against all defendants at one time and in one forum.

In light of this potential savings of judicial time and resources, IT IS ORDERED that plaintiffs' motion be, and it is hereby, granted.

■ In our view, these recitations do not meet the requirements of Fed.R.Civ.P. 54(b). There is no express direction for the entry of judgment, nor has any document clearly labeled as a judgment been entered. Moreover, the order does not state that there is no just reason for delay in appellate disposition of the question of jurisdiction over the persons of the three defendants whose motions to dismiss had been granted. Perhaps the District Court's statement that "immediate appeal from its Order may ultimately advance termination of this litigation" was intended to be the equivalent of a finding that there was no just reason for delay, but jurisdiction is a technical subject in which bright-line distinctions on which parties can readily rely are important. We take the view, therefore, that Rule 54(b) certifications must, either in express words or by unmistakably clear implication, contain the findings specifically required by the rule. Only in this way can the final-judgment rule, which is the cornerstone of appellate jurisdiction, be defended against piecemeal encroachment.[2]

---

1. The motion to dismiss the appeal argues that the District Court's granting of this post-judgment motion is a nullity because this action was taken after the filing of the notice of appeal. In view of our favorable disposition of the motion to dismiss on other grounds, it is unnecessary for us to express a view on this contention.

2. Even if the District Court had used the express words of Rule 54(b) to describe its action, that would not have ended the matter. Rule 54(b)

certifications are not binding on this Court. They are reviewable for abuse of discretion, and we have cautioned that they should not be granted routinely or as an accommodation to counsel. *Burlington Northern R. Co. v. Bair*, 754 F.2d 799, 800 (8th Cir.1985) (per curiam). Here, the District Court's order does not mention any special circumstances that would justify a Rule 54(b) certification.

The District Court's statement that an immediate appeal might ultimately advance termination of the litigation indicates that it may have had in mind 28 U.S.C. § 1292(b). That provision provides for an interlocutory appeal when a district court certifies that its order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The District Court, however, did not say that its order involved a controlling question of law as to which there is substantial ground for difference of opinion. Additionally, a § 1292(b) certification by a district court is not sufficient, of itself, to confer jurisdiction on us. It is the obligation of an appellant, after obtaining such a certification from a district court, to apply to the court of appeals for permission to take the appeal within ten days after the entry of the district court's order. Appellants have made no such application, nor, in any event, would we have granted it. This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

The motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction. This action is of course without prejudice to appellants' right to file a timely appeal to this Court when final judgment is entered in the District Court.

It is so ordered.