Maurice HARDIE and Randy
Johnson, Appellants,

v.

COTTER AND COMPANY, Appellee.

Maurice HARDIE and Randy
Johnson, Appellees,

v.

COTTER AND COMPANY, Appellant.

Nos. 86–5371, 86–5432.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1987.

Decided May 14, 1987.

David A. Stofferahn, Minneapolis, Minn., for appellants.

Reid Carron, Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

## ORDER

Maurice Hardie and Randy Johnson appeal from district court orders partially granting Cotter and Company's motion for summary judgment and entering final judgment pursuant to Fed.R.Civ.P. 54(b). We dismiss the appeals without prejudice.

Hardie and Johnson brought this action against their former employer Cotter and Company for wrongful discharge. Cotter allegedly discharged Hardie because of his unauthorized use of Cotter's long distance telephone credit card. Cotter allegedly fired Johnson for calling in late for an assignment. Both Johnson and Hardie allege that statements made by Cotter prior to a union decertification election created an oral contract under Minnesota law. Cotter allegedly promised that if the union was decertified the union contract would remain in force. Johnson and Hardie allege that their discharge violates these promises. Johnson also alleges that he was discharged, in violation of a Minnesota statute, because his wages had been garnished. Hardie further alleges that his employment was terminated, in violation of Minnesota law, because he sought to file a worker's compensation claim.

In an order entered August 20, 1986, the district court granted Cotter's motion for summary judgment as to the breach of

418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the decisions of this circuit, and the

Code of Federal Regulations.

contract claim and Johnson's claim for wrongful termination because his wages were garnished. The district court denied the summary judgment motion in regard to Hardie's claim that he was fired in retaliation for filing a worker's compensation claim. On October 7, 1986, the district court amended its previous order, *nunc pro tunc*, pursuant to Fed.R.Civ.P. 54(b). The district court entered final judgment on those claims for which summary judgment was granted.

Fed.R.Civ.P. 54(b) allows a district court to direct entry of final judgment as to fewer than all of the claims in a multiple claim suit. The district court must make "an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b). Certifications under Rule 54(b) should neither be granted routinely nor as an accommodation to counsel. *Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59 n. 2 (8th Cir.1987); *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978). The district court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). Entries of judgment under Rule 54(b) are reviewable for abuse of discretion. *Bullock,* at 59 n. 2.

In its order of October 7, the district court stated:

> 1. No just reason exists for delay in entering final judgment on plaintiffs' claims for which summary judgment was granted in accordance with the August 20, 1986, order.
>
> 2. Final judgment on the claims for which summary judgment was granted in the August 20, 1986, order shall be entered.

The order's language clearly tracks the requirements of Rule 54(b) in that it states that there is no just reason for delaying appellate review and directs the entry of final judgment. We do not say that an order that fails to elaborate on the certification language of the rule will never be sufficient to withstand attack. However, nothing in the record here supports the conclusion that this is a special case deserving of Rule 54(b) certification. There is no evidence that judicial resources will be conserved by appellate review prior to disposition of all of the claims. Indeed, we are told that the district court subsequent to entry of the order here questioned has continued with proceedings on the remaining claim. Neither is it evident that the interests of the parties will be furthered by such an early review. Therefore, we conclude that the district court abused its discretion, in this case, by entering a final judgment pursuant to Rule 54(b).

Consequently, we dismiss the appeals. This dismissal is without prejudice to a subsequent timely appeal when the district court enters a final judgment. If such a subsequent timely notice of appeal is filed, the parties may use the briefs already on file in the instant appeals; further oral argument may or may not be indicated.