In re **NATIONAL SMELTING OF NEW JERSEY, INC. BONDHOLDERS' LITIGATION.**

Civ. A. No. 84–3199.

United States District Court, D. New Jersey.

Sept. 29, 1988.

Philip B. Seaton, Kozlov, Seaton & Romanini, Cherry Hill, N.J., R. Bruce McNew and Christopher T. Reyna, Greenfield & Chimicles, Haverford, Pa., for plaintiffs.

Andrew J. Karcich, Sherman, Silverstein & Kohl, P.C., Pennsauken, N.J., and Stewart D. Aaron, New York City, for defendant N.L. Industries.

## OPINION

GERRY, Chief Judge.

The underlying facts of this case are all too familiar both to parties and to the court and bear but the briefest recitation here. The plaintiff class alleges various violations of federal securities law and state common law in connection with the issuance of some $6.6 million in Industrial Development Bonds. Specifically, plaintiffs' chief claim concerns the purchase by the company who received the bond proceeds (National Smelting) of a lead smelting and refining plant in Pedricktown, New Jersey, owned by N.L. Industries. Plaintiffs contend that various misrepresentations and omissions were made in the Preliminary Official Statement ("POS") and the Official Statement ("OS") issued to bondholders to describe this purchase, misrepresentations and omissions which the plaintiffs relied upon to their detriment.

Plaintiffs' claims against N.L. Industries have been whittled down by successive orders of this court: on February 21, 1985, we granted N.L. Industries' motion to dismiss plaintiffs' Section 17(a) Securities Act claims; on January 11, 1988, we granted summary judgment in favor of N.L. Industries on plaintiffs' Section 10(b) and Rule 10(b)(5) primary liability and aider-abettor liability claims; on May 24, 1988, we granted summary judgment dismissing plaintiffs' conspiracy and common law negligence and fraud claims against N.L. Industries; and finally, on August 16, 1988, we ordered dismissal of all crossclaims and counterclaims against N.L. Industries.

N.L. Industries is now before the court seeking an order certifying all these prior orders as final pursuant to F.R.Civ.P. 54(b).

Rule 54(b) of the Federal Rules of Civil Procedure provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

There is, of course, no dispute that this case involves both multiple parties and multiple claims. Contention instead centers around whether there exists "just reason [to] delay" the certification of final judgment. Certification via Rule 54(b) means that only a portion of an action is perfected for appeal, and since it is always a policy of the federal courts to avoid piecemeal appellate review, it follows that Rule 54(b) orders are not routinely entered. *Page v. Gulf Oil Corp.*, 775 F.2d 1311, 1313 n. 2 (5th Cir.1985); *Burlington Northern Railroad Co. v. Bair*, 754 F.2d 799, 800 (8th Cir.1985). Thus, it is the moving party's burden to make "some showing" that certification is justified "in order to overcome the normal rule that no appeal be heard until the entire case has been completed." Wright & Miller, Federal Practice and Procedure, § 2659; *see Little Earth of United Tribes, Inc. v. United States Dept. of Housing and Urban Development*, 738 F.2d 310, 313 (8th Cir.1984). Though both the plaintiffs and the defendant correctly cite us to the same case, *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), as the point of departure for determining the pro-

priety of a Rule 54(b) order, the parties disagree on what *Curtiss–Wright* teaches with regard to the sufficiency of the showing the movant must make.

Plaintiffs argue that under *Curtiss–Wright* the moving party in a Rule 54(b) motion must establish, as a threshold matter, that it will suffer hardship or prejudice if certification is not granted. Only once this threshold is crossed, and hardship is established, may the court go on to determine if other factors of "wise judicial administration"—such as the possibility of duplicative appeals—either support or disfavor certification. Defendant, on the other hand, insists that *Curtiss–Wright* specifically disavowed the "harshness test" as a means for deciding whether certification is warranted, adopting instead a flexible approach that considers prejudice or hardship to the parties as "only one of a myriad of factors that a district court may consider in exercising its discretion under Rule 54(b)." Reply Mem. of Defendant at 7.

A close reading of *Curtiss–Wright* reveals that neither side is entirely accurate in its characterization of the case. The defendant is correct that the decision reversed the Third Circuit's ruling below which, relying on a previous decision, had held that certification was only appropriate when the movant demonstrated that "unusual or harsh circumstances" existed to justify it. *See Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 366 (3d Cir.1975). The *Curtiss–Wright* court did not, however, dispense with the hardship requirement entirely or relegate it to simply one of a "myriad of factors" that a district court could examine under its discretionary Rule 54(b) authority. To the contrary, the court ruled that a district court must weigh "the equities involved" as well as "take into account judicial administrative interests" when ruling on a 54(b) motion. 446 U.S. at 8, 100 S.Ct. at 1465. But because the court felt that an examination of the equities was a separate step from consideration of judicial administrative factors does not mean, as the plaintiffs appear to suggest, that the moving party in a Rule 54(b) motion must make some requisite showing of absolute hardship or prejudice before certification can issue. Rather, the court's language in *Curtiss–Wright* clearly suggests a *balancing* of relative hardships, a "weighing of equities," is in order. Thus, we see *Curtiss–Wright* as establishing a rough road map for district courts to follow when they are called upon to certify judgments pursuant to Rule 54(b). First, the court must look to "considerations of justice to the litigants." 446 U.S. at 6, 100 S.Ct. at 1464. In other words, we must weigh the relative prejudice the non-moving party would experience if we granted certification against the hardship the movant would face were we to deny certification. Second, we must inquire into whether certification would foster the interests of "sound judicial administration." *Id.* at 10, 100 S.Ct. at 1466. The parameters of this second inquiry were left purposefully vague by the *Curtiss–Wright* court, which was "reluctant either to fix or sanction narrow guidelines for the district courts to follow," *id.* at 11, 100 S.Ct. at 1466, but it is plain enough that our task in this regard is to scrutinize the propriety of certification with an eye to avoiding piecemeal appeals.

Turning to the matter before us, we note that the "hardship" advanced by the defendant if certification is not granted is not terribly compelling. N.L. Industries says only that it has been an active participant in this action for some four years, that the claims against it were groundless (a contention we obviously agree with), and that now, with summary judgment entered in its favor on all claims, cross-claims and counterclaims, N.L. Industries "in fairness should not be left in the shadow of this baseless lawsuit." Reply Mem. of Defendant at 11. No economic or other equitable detriment is alleged.

However, plaintiffs allege, and we can discern, no legitimate hardship which would befall them if certification is ordered. Thus, *on balance*, defendant's proffered showing of prejudice is marginally sufficient to carry the day. As this court is all too aware, this is a case of uncommon factual and legal complexity; it has run its course for four years, and it seems likely

that several more will pass before its resolution. N.L. Industries is, by successive orders of this court, no longer a participant in this contest, and it does seem unjust to make it stand on the sidelines while the matter is played out.[1]

Turning next to our concern over piecemeal appellate litigation, we focus on two related areas of inquiry, both identified in *Curtiss-Wright* as being profitable in this regard. First, we must determine the degree to which the adjudicated claims as to N.L. Industries are factually distinct and independent from the outstanding claims against the remaining defendants in the case. Second, we must decide the likelihood of duplicative appeals if the motion for certification is granted.

Plaintiffs allege that both the decided and undecided claims in this case revolve around a common set of factual allegations; namely, "the negotiation of various transactions which were related to the acquisition of the Pedricktown plant." Plaintiffs Mem. in Opp. at 2. Defendant, on the other hand, insists that all claims against it are completely separate, both legally and factually, from any remaining causes of action.

While both sides somewhat overstate their case, defendant is truer to the mark. As defendant correctly points out, the claims against it stem not from the sale of its lead smelting plant but from the bond offering and its alleged duty to disclose the purported omissions and misrepresentations in the OS and POS. We granted summary judgment simply because we found that the evidence, viewed in a light most favorable to the plaintiffs, failed to reveal any involvement by N.L. Industries in the bond offering sufficient to trigger a duty to disclose, or to show that N.L. Industries aided and abetted other parties in committing a securities violation in connection with the offering. Any involvement N.L. Industries had with the actual sale of the Pedricktown plant was thus irrelevant to our decisions and would similarly be not relevant in any appeal from a certified final judgment rendered from these decisions. And, although the plaintiffs bring similar allegations against the remaining defendants, N.L. Industries is correct when it asserts that the essential *factual* predicate plaintiffs advanced to demonstrate N.L. Industries' involvement in the bond offering is unique to N.L. Industries. The "three pieces of evidence" on which plaintiffs' case against N.L. Industries rested—N.L. Industries' receipt of a draft of the POS; N.L. Industries' refusal to close the sale of the Pedricktown facility when it learned of unsecured or potential defaults of loan covenants made by a corporation in which N.L. Industries was to receive stock from another transaction with other defendants; and certain minutes of a meeting of N.L. Industries' Operations Committee—do not implicate, in any substantial way, any of the remaining defendants in the case. *See* Letter Op. of 12/14/87 at 13–17.

This basic factual incongruity makes the likelihood of duplicative appeals fairly remote. If we certify the judgments against N.L. Industries, and they go up on appeal, it is of course possible that a few years down the road appeals involving other defendants in this case and turning on their participation in the bond offering will also be heard. But they of necessity will have to turn on different factual scenarios.

We think, therefore, that Rule 54(b) certification is in order here, and defendant's motion will be granted. However, to completely foreclose any possibility of scattered appeals, we will take the suggestion of the Supreme Court in footnote 3 of *Curtiss-Wright* and stay the enforcement of the order of certification until the entering of judgment on the remaining claims in this case under the authority of F.R.Civ.P.

---

1. Other courts, in similar cases, have found such appeals as N.L. Industries advances here persuasive enough evidence of hardship to sanction Rule 54(b) certification. *See Kirkwood v. Taylor,* 590 F.Supp. 1375, 1387 (D.Minn.1984) ("without certification, ... defendants will have to await the outcome of complex securities litigation before they will know whether the case against them is finally and properly dismissed.") *See also Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985), *cert. denied,* 479 U.S. 71, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986).

62(h).[2] *See* 446 U.S. at 13, n. 3, 100 S.Ct. at 1467 n. 3. This will both finalize the judgments in favor of the defendant N.L. Industries for the purposes of any further action in this case at this level and insure that any appeals from judgments in this case will be simultaneously heard. The accompanying order has been entered.

**2.** F.R.Civ.P. 62(h) provides:
(h) Stay of Judgment as to Multiple Claims or Multiple Parties. When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.