16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Tim AXELSON, Plaintiff,
James Johnson, Appellant,
John Doe, Unknown Intervenor, Plaintiff,
v.
PHP HEALTHCARE CORPORATION; Alan Humphries, P.H.P.
Healthcare Corporation; Winston Bryant, Attorney General
for State of Arkansas; Larry Norris, Interim Director,
Arkansas Department of Correction; John Doe, Unknown
Intervenor, Appellees.
 No. 93-2731.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: January 14, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Johnson appeals from an order and judgment entered in the District Court[1] for the Eastern District of Arkansas, dismissing his claims brought under 42 U.S.C. Sec. 1983. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Johnson, Tim Axelson, and Unknown John Doe, inmates at Jefferson Regional Correctional Facility, filed a two-count complaint against PHP Healthcare Corp. (PHP), attorney Alan Humphries, Interim Director Larry Norris, Attorney General Winston Bryant, and Unknown John Doe. They alleged that beginning in August 1992, Axelson complained to prison officials of headaches, a swollen neck, and dizziness, but that Axelson was not given proper treatment until October 1992, when he was diagnosed with benign cancer (non-Hodgkins lymphoma disease). As Axelson's close friend, Johnson was very concerned about Axelson's health and suffered mental anguish because he believed Axelson's illness was life-threatening. They claimed defendants were deliberately indifferent to Axelson's serious medical needs by waiting three months to diagnose and treat the cancer.
 
 
 3
 The magistrate judge, sua sponte, recommended dismissal of Johnson and plaintiff John Doe under 28 U.S.C. Sec. 1915(d), concluding that Johnson lacked standing because he could not bring a claim on behalf of another prisoner. Johnson objected, arguing that he suffered psychological pain in his own right and that Axelson could not continue with the lawsuit without Johnson's assistance. On May 25, 1992, the district court adopted the magistrate judge's recommendations and dismissed Johnson and Doe from the case. On a separate document, a judgment was entered against Johnson and John Doe. The judgment did not contain an "express determination that there is no just reason for delay," under Fed. R. Civ. P. 54(b). On June 22, 1992, Johnson filed his notice of appeal.
 
 
 4
 Although the magistrate judge subsequently recommended dismissal with prejudice of Bryant and Humphries and dismissal without prejudice of Norris, defendant John Doe, and PHP, the district court has not yet ruled on Axelson's claims.
 
 
 5
 Under Rule 54(b), the district court can enter final judgment as to one or more but fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991). We have previously held "that Rule 54(b) certifications must, either in express words or by unmistakably clear implication, contain the findings specifically required by the rule." Bullock v. .Baptist Memorial Hosp., 817 F.2d 58, 59-60 (8th Cir. 1987).
 
 
 6
 The separate judgment entered against Johnson did not constitute a proper certification under Rule 54(b). Thus, this court lacks jurisdiction to decide Johnson's appeal because the May 25, 1992 order is not a final appealable order.
 
 
 7
 Accordingly, Johnson's appeal is dismissed for lack of appealable jurisdiction.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas