36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pamela LYLES; John Edmond, Plaintiffs-Appellants,
v.
Arnold POPKIN, Defendant-Appellee,
and UNITED STATES POSTAL SERVICE, General Counsel; Dewey
Sparks, Inspector, Individually and as Postal Inspector; M.
Sherwin Green, Individually and as Postal Inspector; Thomas
Krautheim, Individually and as Postal Inspector; Wendy
Arnell, Individually and as U.S. Assistant Attorney for the
District of Maryland; Roger Wolf, Individually and as
Assistant Attorney General of the State of Maryland;
Richard Spitz, Jr.; United States of America, Defendants.
 No. 93-1910.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided Sept. 27, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-90-1181-MJG)
 Pamela Lyles, John Edmond, appellants pro se.
 Carol Ann Petren, Deborah Murrell Whelihan, Jordan, Coyne & Savits, Washington, DC, for appellee.
 D.Md.
 DISMISSED.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal from a district court order dismissing one Defendant (Popkin) from the now-stayed action in district court. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 After denying a motion for summary judgment that was based on qualified immunity,* the district court continued to act in the case with regard to non-federal defendants. The district court dismissed Popkin for the Appellants' failure to comply with discovery regarding him. The district court certified that order for interlocutory appeal under Fed.R.Civ.P. 54(b).
 
 
 3
 Certification pursuant to Rule 54(b) is disfavored in this Circuit. Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir.1993). And, in certifying an appeal, the district court must determine "whether there is no just reason for the delay in the entry of judgment." Id. Though this court has enumerated factors a district court should consider and discuss in its determination, id. at 1335-36, the district court failed to address any of those issues in its order. Rather, it merely recited the language of Rule 54(b). This was insufficient to support certification. Knafel v. Pepsi Cola Bottlers Inc., 860 F.2d 1155, 1160 (6th Cir.1988). And, while the district court considered that certification would ease Plaintiffs' appellate burden, this consideration is inappropriate. Burlington N. R. Co. v. Bair, 754 F.2d 799, 800 (8th Cir.1985).
 
 
 4
 Thus, while the district court attempted to certify the order at issue, we find ourselves without jurisdiction to properly consider the appeal. The certification was lacking in the particulars required to properly bring the issue before the court. We, therefore, dismiss the appeal on that basis. We deny Popkin's motion for reconsideration of this court's earlier order granting Appellants an extension of time to file a supplemental brief. Because the brief has been filed, the motion is moot. We also deny Popkin's motions to dismiss the appeal based on the timeliness of Lyles's informal brief in this court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 This order is the subject of another appeal currently pending before this Court, Lyles v. United States Postal Serv., No. 93-1442