**NORTH DAKOTA FAIR HOUSING COUNCIL, INC., and Josephine Conley, Plaintiffs,**

v.

**Earl ALLEN, individually and d/b/a Allen Realty Company, Inc., and AA & A Realty, Defendants.**

No. A1–03–119.

United States District Court, D. North Dakota, Southwestern Division.

Sept. 8, 2004.

Christopher Brancart, Brancart & Brancart, Pescadero, CA, for Plaintiffs.

Moody M. Farhart, Farhart, Lian, Maxson, Louser & Zent, P.C., Minot, ND, for Defendants.

## ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) AND TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL

HOVLAND, Chief Judge.

Before the Court is the North Dakota Fair Housing Council, Inc.'s Motion for Entry of Final Judgment Pursuant to Rule 54(b) and to Stay District Court Proceedings Pending Appeal filed on August 19, 2004. For the reasons set forth below, the motion is denied.

### I. *BACKGROUND*

On May 27, 2004, the Court granted, in part, the Defendants' motion for summary judgment and dismissed claims asserted against the Defendants by the North Dakota Fair Housing Council, Inc. ("Council") for lack of standing. The Court subsequently denied the Council's Motion for Reconsideration.

On August 19, 2004, the Council filed a Motion for Entry of Final Judgment on its Claims Pursuant to Rule 54(b) and to Stay District Court Proceedings Pending Appeal. The rationale for the motion was that entry of final judgment would serve to avoid duplicative and piecemeal trials in the event the appeal of the Court's Order of May 27, 2004 is successful.

### II. *LEGAL DISCUSSION*

■ It is well-established that orders granting summary judgment on fewer than all claims are not immediately appealable. *Greer v. St. Louis Regional Medical Center,* 258 F.3d 843, 846 (8th Cir.2001). Review must generally await a final judgment disposing of all claims. A district court may, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, direct entry of final judgment and certify a partial grant of summary judgment for imme-

diate appeal. Rule 54(b) provides as follows:

**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b).

The policy of all courts is to avoid piecemeal and interlocutory appeals. *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Interstate Power Co. v. Kansas City Power & Light Co.,* 992 F.2d 804, 807 (8th Cir.1993); *Burlington Northern R.R. Co. v. Bair,* 754 F.2d 799, 800 (8th Cir. 1985). As result, Rule 54(b) certification is neither granted routinely nor as an accommodation to counsel. *See Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59, n. 2 (8th Cir.1987); *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978). Rather, certification is granted only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Burlington Northern R.R. Co. v. Bair,* 754 F.2d 799, 800; *Hayden v. McDonald,* 719 F.2d 266, 268 (8th Cir.1983).

■ The decision regarding certification under Rule 54(b) rests in the discretion of the district court. *See Harris v. Secretary,* 119 F.3d 1313, 1320 (8th Cir.1997) (recognizing that the determination of whether to direct that a final judgment be entered under Rule 54(b) is within the sound discretion of the trial court); *Bullock v. Baptist Memorial Hospital,* 817 F.2d 58, 59, n. 2 (8th Cir.1987) (stating that district courts' Rule 54(b) certifications are reviewable for abuse of discretion). When considering the propriety of certification, the district court "must take into account judicial administrative interests as well as the equities involved." *Hardie v. Cotter and Co.,* 819 F.2d 181, 182 (8th Cir.1987) (quoting *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

■ In this case, the North Dakota Fair Housing Council has not made a showing of hardship or injustice that warrants a Rule 54(b) certification. The absence of such a showing constitutes a sufficient basis for denying the Council's motion. *See Bair,* 754 F.2d 799, 800 (stating that the certification of judgment for the purposes of permitting immediate appeal should not have been granted where no showing of hardship or injustice was made); *Little Earth of United Tribes, Inc. v. U.S. Dep't. of Housing and Urban Dev.,* 738 F.2d 310 (8th Cir.1984) (finding no discernable danger of hardship or injustice to warrant the district court's certification of judgment under Rule 54(b)). However, this does not end the Court's analysis.

The Court does not find persuasive the Council's assertion regarding the risk of duplicative and piecemeal litigation. Some independence between the adjudicated and unadjudicated matters is desirable because it is not economical for an appellate court to review facts on appeal following a Rule 54(b) certification that it may be required

to consider again when the district court renders its final decision. *See* 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2659; *see also Justice v. Pendleton Place Apartments,* 40 F.3d 139, 141 (6th Cir.1994) ("the relationship between the adjudicated and unadjudicated claims ... should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought"); *Kimberly–Clark Corp. v. Eastern Fine Paper, Inc.,* 559 F.Supp. 815, 836 (D.Maine 1981) ("If the judgment entered today were to be treated as final, thus providing the basis for a piecemeal appeal, prejudice to one or both parties might well result, especially since the adjudicated and pending claims are related and arise from similar factual allegations. Deferring appeal until disposition of the remaining issues at the second trial, on the other hand, will not result in prejudice, hardship, or injustice to either party."). The Court has carefully considered the arguments of the parties and, in its discretion, does not believe that a Rule 54(b) certification is warranted under the circumstances. It is only the "special case" that warrants an immediate appeal from a partial resolution of a lawsuit via Rule 54(b) and this is not such a case.

## III. *CONCLUSION*

The Court **DENIES** the North Dakota Fair Housing Council's Motion for Entry of Final Judgment on its Claims Pursuant to Rule 54(b) and to Stay District Court Proceedings Pending Appeal (Docket No. 65).

**IT IS SO ORDERED.**